UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SEBASTIAN INFANTE CASTANEDA,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, *et al.*,

Respondents.

Case No. 1:26-cv-07052-NW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Re: ECF Nos. 1, 2

The factual and legal background relevant to this petition is described in the Court's prior order granting Petitioner's first petition for writ of habeas corpus in part. *See Infante Castaneda v. Warden, California City Immigr. Process Ctr.*, No. 1:26-CV-06067-NW, 2026 WL 2323074 (E.D. Cal. Aug. 11, 2026). In sum, Petitioner is a citizen of Columbia who entered the United States in 2023. Dkt. No. 6-1 at 2. He was detained by U.S. Customs and Border Patrol upon entry, found to have a credible fear of returning to Columbia, and then paroled into the United States to pursue his asylum claim. *Id*. at 2–3. In June 2026, Petitioner was arrested by ICE outside his home after ICE learned that he had been convicted of a DUI. *Id*. Despite this conviction, the Court explained that Respondents' re-detention of Petitioner without a bond hearing had violated his due process rights under the Fifth Amendment. *Infante Castaneda*, 2026 WL 2323074, at * 1. To remedy that violation, the Court ordered Respondents to hold a hearing for Petitioner within fourteen days at which "the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight[.]" *Id.*

A bond hearing was timely held for Petitioner in August 2026. At the hearing, the immigration judge refused to consider Petitioner's evidence and make a dangerousness or flight

United States District Court
Eastern District of California

risk finding. Dkt. No. 1 at 11–12. Instead, the immigration judge denied release, finding that it lacked jurisdiction to grant bond. *See* Dkt. No. 6-6.

For the same reasons explained in this Court's first order, Petitioner is entitled to relief on his due process claim. Given that Petitioner was released into the interior of the United States, he has a protected liberty interest in his continued freedom. *See Enriquez Escarcega v. Warden of the Golden State Annex Facility*, No. 1:26-CV-01012-DAD-SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026) (noting that the court "need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme"). Respondents have not provided Petitioner with an opportunity to be heard, as required by the Fifth Amendment Due Process Clause, to justify revoking his prior release. Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal. *R.A.N.O. v. Wofford*, 820 F. Supp. 3d 1094, 1103 (E.D. Cal. 2026) (finding protected liberty interest and ordering relief where petitioner was previously released on parole under § 1182(d)(5)(A)).

Though this Court previously ordered a constitutionally adequate bond hearing, under the current circumstances release is the appropriate remedy. Petitioner has been detained for over five months without any determination that his continued detention is necessary. Even more concerning, this Court ordered the Government to provide this custody determination and give Petitioner the opportunity to be heard, and it has refused to comply. Accordingly, Petitioner's due process rights have been violated, and he is entitled to release.

For the foregoing reasons, IT IS HEREBY ORDERED that the Petition for Writ of Habeas Corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner

from their custody. Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing. At any such hearing, the

Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present. This Order does not address the circumstances under which Respondents may re-detain Petitioner if he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

**IT IS SO ORDERED.**

Dated: November 25, 2026

Noël Wise
United States District Judge